UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BARBARA STUART ROBINSON,<br><br>                Plaintiff,<br><br>   v.<br><br>DENNIS HOWARD BALL,<br><br>                Defendant. | CASE NO. C17-5725 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Plaintiff Barbara Stuart Robinson's ("Plaintiff") motion for summary judgment (Dkt. 18) and Defendant Dennis Howard Ball's ("Commissioner Ball") motion for summary judgment (Dkt. 20). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and for the reasons stated herein (1) denies Plaintiff's motion and (2) grants summary judgment in favor of Commissioner Ball.

**I.  BACKGROUND**

On July 17, 2017, Plaintiff was charged in Tacoma Municipal Court for Criminal Trespass and Obstruction of a Law Enforcement Officer. Dkt. 21 at 6. The prosecutor's probable cause statement alleged that as police officers were attempting to conduct a welfare check on a reported subject in a motorized chair at an Econolodge in Tacoma, Washington, Plaintiff approached them, identified herself as a federal agent and told them that they were trespassing on the property. *Id.* at 8. As the officers attempted to locate the

subject of their reported welfare check, Plaintiff proceeded to follow them while yelling that they were trespassing and that she would place them under arrest. *Id.* The on-duty clerk of the Econolodge then informed the officers that Plaintiff was not a guest of the facility and requested that they remove her from the property due to her disruptive behavior. *Id.* Plaintiff refused to leave upon the officers' request. *Id.* Ultimately, the officers abandoned their original welfare check to address Plaintiff in light of her refusal to leave the property and the disturbance she was causing despite repeated instructions to leave the police alone. *Id.* Plaintiff was arrested and booked into the Pierce County Jail for trespassing and obstruction of a law enforcement officer.

On July 18, 2017, Plaintiff was arraigned in Tacoma Municipal Court before Commissioner Ball. *See* Dkt. 21 at 11. Plaintiff was represented by defense counsel who informed Commissioner Ball that he was concerned over Plaintiff's competency to stand trial. *Id.* at 13–14. Accordingly, the Commissioner Ball ordered that Plaintiff be held without bail until July 26, 2017, when a competency evaluation could be completed pursuant to the procedures outlined in RCW 10.77 and Plaintiff could appear before Judge Elizabeth Verhey. *Id.* at 12–15. When the evaluation could not be performed until July 31, 2017, the hearing was set over until August 2, 2017.

On August 2, 2017, Plaintiff again appeared before Judge Verhey in the Tacoma Municipal Court. *See* Dkt. 21 at 30. Based on the results of the competency evaluation performed by the Washington Department of Social and Health Services, *see id.* at 49–53, Judge Verhey determined that Plaintiff lacked the rational capacity to understand the nature of the proceedings and to assist in her defense. *Id.* at 34–35. Judge Verhey then

dismissed the charges against Plaintiff and she was referred to health treatment for a civil commitment evaluation pursuant to RCW 10.77.088. *Id.* at 38–45. Once the 72-hour period set forth in RCW 10.77.088(1)(c)(ii) had elapsed without a determination by a designated mental health professional as to whether a petition for involuntary commitment should be filed, Plaintiff was released from custody.

On August 17, 2017, Plaintiff initiated this lawsuit against Commissioner Ball in Pierce County Superior Court. Dkt. 1-2. Plaintiff claims that the stay of her plea hearing by Commissioner Ball violated a variety of federal and state laws. *Id.* at 2–13. On September 11, 2017, Commissioner Ball removed the case to this court. Dkt. 1.

On January 6, 2018, Plaintiff moved for judgment on the pleadings. Dkt. 18. On January 8, 2017, Commissioner Ball moved for summary judgment. Dkt. 20. On January 8, 2018, Plaintiff responded to Commissioner Ball's motion. Dkt. 23. On January 25, 2018, Commissioner Ball responded to Plaintiff's motion. Dkt. 24. On January 29 and 30, 2018, Plaintiff replied on her motion for judgment on the pleadings. Dkts. 25, 26. On February 2, 2018, Commissioner replied on its motion for summary judgment. Dkt. 27. On February 14 and 15, 2018, Plaintiff filed additional declarations in support of her pleadings. Dkts. 29, 30.

## II. DISCUSSION

The Court grants Commissioner Ball's motion for summary judgment. Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving

party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial—e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory,

nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

Plaintiff has failed to produce any evidence in support of her claims. Instead, she offers only the formulaic recitation that the stay of her plea proceedings and her subsequent 16-day detention constituted a "breach of fiduciary duty" and a violation of her rights. *See* Dkt. 18 at 2. Nowhere in her complaint or declarations does she allege conduct by Commissioner Ball other than his order staying her plea proceedings pending the outcome of a RCW 10.77 initial competency evaluation. The record plainly establishes that this order was a judicial act by Commissioner Ball in his capacity as the Tacoma Municipal Court Commissioner while presiding over Plaintiff's arraignment. *See Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001). Accordingly, Commissioner Ball is entitled to absolute judicial immunity for his order and Plaintiff cannot prevail on her claims against him. *Id.*

### III.  ORDER

Therefore, it is hereby **ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. 18) is **DENIED** and Commissioner Ball's motion for summary judgment (Dkt. 20) is **GRANTED**.

The Clerk shall enter JUDGMENT and close the case.

Dated this 13th day of March, 2018.

BENJAMIN H. SETTLE
United States District Judge